# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| PAYTON BERGIN, | * | |
| | * | |
| Petitioner, | * | No. 17-241V |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Date: May 14, 2020 |
| | * | |
| | * | Interim fee award; reasonable basis |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, PA, for petitioner;
Jeffery S. Pop, Beverly Hills, CA, former counsel of record for petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

In a petition filed on February 21, 2017, Kimberly and Joe Bergin alleged that a dose of the human papillomavirus (HPV) vaccination harmed their daughter, P.B. Attorney Jeffery Pop represented the Bergins. The Bergins sought compensation from the National Childhood Vaccine Injury Compensation Program, found at 42 U.S.C. § 300aa−10 through 34 (2012).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (http://www.cofc.uscourts.gov/aggregator/sources/7). This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Mr. Pop filed a motion for an award of attorneys' fees and costs on an interim basis. That motion was denied without prejudice because, at that time, whether the Bergins satisfied the requirement of having a reasonable basis for the claims set forth in the petition was unresolved. Order, issued Apr. 24, 2019.

Andrew Downing replaced Mr. Pop as counsel of record. (Also, Peyton Bergin, the vaccinee, has reached the age of majority and has become petitioner of record). Mr. Downing has obtained a report from an expert, and this report allows the undersigned to find that a reasonable basis supports the claim. Thus, the undersigned awards $15,769.00 as attorneys' fees and costs to Mr. Pop.

\*   \*   \*

The requested fees include work performed and costs incurred as of March 16, 2018. Mr. Pop seeks a total of $15,769.00 comprised of $14,944.00 in attorneys' fees and $825.00 in attorneys' costs. Mr. Pop has not sought reimbursement for any costs that the Bergins incurred personally. Pet'r's Mot., filed Mar. 29, 2018.

The Secretary responded to the motion on April 26, 2018. With respect to the amount requested, the Secretary did not provide any objection to petitioner's request.

\*   \*   \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352. Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). As the

Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, petitioner has filed two reports from Dr. Miglis. Exhibits 26 and 43. With their submission, the undersigned finds that petitioner satisfies the reasonable basis standard.

## 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352 (Fed. Cir. 2008). Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.

Here, although Mr. Pop has not incurred more than $30,000, an interim award remains appropriate. Mr. Pop filed the pending motion more than two years ago and the case seems unlikely to resolve soon. In addition, because Mr. Pop has withdrawn from the case, he will not accumulate additional fees to surpass $30,000.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa—15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

The amount requested in fees and costs is reasonable.

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $15,769.00 in the form of a check made payable to petitioner and petitioner's former attorney, Jeffery S. Pop.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa—15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master