# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| PAYTON BERGIN, | * | |
| | * | No. 17-241V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: September 1, 2020 |
| | * | |
| SECRETARY OF HEALTH | * | Entitlement, dismissal |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Van Cott & Talamante, PLLC, for petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for
respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Payton Bergin alleged that a human papillomavirus (HPV) vaccine she
received on February 25, 2014, caused her to suffer from episodes of inability to
walk and talk, short term memory loss, sleeping 15-17 hours a day, severe
headaches, chronic fatigue and tiredness, dizziness, fainting, hallucinations,
chronic joint pain, amnesic spells, and encephalopathy.  Petition, filed Feb. 21,
2017, at 1.[2]  On August 25, 2020, Ms. Bergin moved for a decision dismissing her
petition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services), requires that the Court post this decision on its website
(https://www.uscfc.uscourts.gov/aggregator/sources/7).  Once posted, anyone can access this
decision via the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a
motion proposing redaction of medical information or other information described in 42 U.S.C. §
300aa-12(d)(4).  Any redactions ordered by the special master will be reflected in the document
posted on the website.

[2] Because Payton Bergin was a minor when the petition was filed, her parents were the initial
petitioners.  After Ms. Bergin reached the age of majority, she assumed the role of petitioner.
Order, issued June 6, 2019.  For simplicity, the decision refers to Ms. Bergin as the petitioner
throughout the life of the case.

## I.   **Procedural History**

Ms. Bergin filed a petition on February 21, 2017, without any medical records explaining that her initial counsel, Mr. Jeffrey Pop, had only recently been retained.   On May 22, 2017, Ms. Bergin filed an amended petition providing a more detailed chronology, her medical records, and a statement of completion. The Secretary identified missing medical records.  Rep't's Status Rep., filed June 28, 2017.  Ms. Bergin filed the missing medical records by October 16, 2017.

In his Rule 4 report, the Secretary opposed compensation questioning the onset of Ms. Bergin's symptoms, the duration of her symptoms, and the support from her treating physicians, aside from one doctor, Dr. Jean Corbier.  Resp't's Rep., filed Dec. 18, 2017, at 29-33.  The Secretary noted that a special master in another case had found Dr. Corbier's expert report to be unreliable.  Resp't's Rep. at 32 n.35 (citing Prokopeas v. Sec'y of Health and Human. Servs., No. 04-1717V, 2017 WL 3033775, at *34 (Fed. Cl. Spec. Mstr. June 14, 2017)).

At a status conference to discuss the Rule 4 report, before substantive discussions began, Ms. Bergin's counsel, Mr. Pop, advised that he intended to withdraw from the case and requested time for Ms. Bergin to find substitute counsel.  Order, issued Jan. 9, 2018.

On March 29, 2018, Mr. Pop moved for an interim award of attorneys' fees and costs.  A few days later, Mr. Pop moved to withdraw as counsel of record. Pet'r's Mot. Withdraw, filed Apr. 2, 2018.  In his motion to withdraw, Mr. Pop noted that he initially intended to retain Dr. Corbier to provide an expert report in this case but that the criticism of Dr. Corbier in Prokopeas caused him to be reluctant to proceed with Dr. Corbier.  Mr. Pop stated that he was not aware of another expert who could provide a supportive opinion for Ms. Bergin.

The Secretary opposed an interim award of attorneys' fees and costs arguing that withdrawal of counsel was not a sufficient basis to justify an interim award but did not address reasonable basis, good faith, or the amount of compensation.

Resp't's Resp., filed Apr. 26, 2018.[3]  The Secretary was ordered to address reasonable basis, good faith, and the amount of compensation.  Order, issued July 5, 2018.

While disputing a special master's authority to order an attorneys' fees and costs response, the Secretary argued that there was no reasonable basis or good faith but did not address the amount of compensation.  Resp't's Resp., filed Aug. 6, 2018.  Ms. Bergin filed a reply on August 10, 2018.

To further develop issues regarding reasonable basis and Dr. Corbier, the undersigned ordered additional briefing on those topics.  Order, issued Nov. 8, 2018.  Ms. Bergin filed a supplemental brief on December 11, 2018.  Before filing his brief, the Secretary requested and received a stay of proceedings due to the federal government shutdown that began in December 2018.  Order, issued Jan. 7, 2019.  After the government reopened and the stay was withdrawn, the Secretary filed his supplemental brief.  Resp't's Supp. Br., filed Mar. 1, 2019.  Ms. Bergin completed the supplemental briefing by filing a reply on March 8, 2019.

Due to undersigned's concerns regarding reasonable basis, Ms. Bergin's motion for an interim award of attorneys' fees and costs was denied without prejudice and deferred to allow Ms. Bergin to possibly retain an expert to support her case.  Order, issued Apr. 24, 2019.  On May 1, 2019, Ms. Bergin filed a motion to substitute counsel entering the appearance of Andrew Downing.  Pet'r's Mot. Sub., filed May 2, 2019.

At a June 4, 2019 status conference, Mr. Downing stated an intent to retain an expert to develop Ms. Bergin's case.  Order, issued June 6, 2019.  The undersigned issued instructions to guide the submission of expert reports.  Order, issued June 21, 2019.

Ms. Bergin filed an expert report from Dr. Mitchell Miglis.  Exhibit 26.  Dr. Miglis opined that the HPV vaccine cause Ms. Bergin to develop symptoms of idiopathic hypersomnia.  Id. at 1.  The Secretary intended to file a responsive expert report.  Order, issued Sept. 9, 2019.

---

[3] The Secretary had originally filed a response on April 9, 2018, but that filing appeared to contain facts from another case, which was noted by Ms. Bergin in her April 24, 2018 reply.  The Secretary's April 9, 2018 was accordingly stricken from the record.  Order, issued May 1, 2018.

On December 13, 2019, the Secretary filed expert reports from Drs. Andrew MacGinnitie and David Raizen. Exhibits A, C. Dr. Raizen challenged Dr. Miglis' diagnosis of idiopathic hypersomnia and Dr. Miglis' use of narcolepsy data to support conclusions about idiopathic hypersomnia. Exhibit C at 7-9. Dr. MacGinnitie disputed that idiopathic hypersomnia is an autoimmune condition. Exhibit A at 8. Both experts proposed conversion disorder as an alternative explanation for Ms. Bergin's symptoms. Exhibit A at 11; exhibit C at 10.

Ms. Bergin filed a supplemental report from Dr. Miglis on April 15, 2020. Exhibit 43. In consideration of the expert reports from Dr. Miglis, the undersigned reconsidered and granted Ms. Bergin's motion for an interim award of attorneys' fees and costs. Decision, 2020 WL 3264273 (May 14, 2020).

The Secretary filed a responsive expert report from Dr. Raizen. Exhibit E. Because Ms. Bergin stated that she did not intend to file any further expert reports, the case would proceed to entitlement briefing. Order, issued July 30, 2020.

On August 25, 2020, Ms. Bergin moved for a decision dismissing her petition. While Ms. Dalton was requesting dismissal of her claim, she maintained that "This choice should not be viewed in any way that [she] does not believe in the merits of her claim or that her injuries are not a result of [the vaccine]." Pet'r's Mot. Dismiss at 2. Ms. Bergin indicated that the Secretary did not oppose the motion. The Secretary did not file a response. This matter is now ready for adjudication

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Bergin filed medical records and expert reports in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her pursuant to 42 U.S.C. § 300aa—21(a). To conclude the

proceedings on the petition and have judgment enter, a decision must be issued. Vaccine Rules 10(c), 11(a).

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that Ms. Bergin suffered from idiopathic hypersomnia. Without a showing that the vaccinee suffered the injury that the vaccine allegedly caused, the remainder of the case becomes moot. See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Accordingly, the undersigned is not required to evaluate whether the HPV vaccine can cause idiopathic hypersomnia.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master